IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEXANDER ARGENTINA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 22-221 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| RIVERS CASINO, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Plaintiff's Complaint will be dismissed for lack of subject matter jurisdiction and lack of compliance with Federal Rule of Civil Procedure Rule 8 ("Rule 8"), without prejudice to the filing of an amended complaint. This Court owes a duty to raise, *sua sponte*, matters regarding the existence of subject matter jurisdiction. Huber v. Taylor, 532 F.3d 237, 249 (3d Cir. 2008). Rule 8 directs litigants to include in their pleadings: (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief" and (3) "a demand for the relief sought." At a minimum, a plaintiff's submissions should provide "an ascertainable factual or legal basis for his claims." Bey v. U.S. Dep't of State, Nat. Passport Ctr., 416 F. App'x 136, 138 (3d Cir. 2011).

In this case, Plaintiff's *pro se* Complaint alleges federal question jurisdiction, citing 42 U.S.C. § 1983 and Title II of the Civil Rights Acts of 1964. See Complaint (Doc. 1) at 3. The sum-total of Plaintiff's factual averments are as follows:

- "Thusly circumstances exist where the customer required to contract on different terms was refused service and denied the right to enforce a contract." Complaint (Doc. 1) at 3.

- "…[T]he defendant has willfully, consistently and egregiously deprived the plaintiff of rights, privileges and immunities secured by the Federal Constitution and its laws." Id. at 4.
- "This action brought against Rivers Casino is as a result of a scenario undertaken throughout the year 2021 and continuing thereafter, where this involves a discriminatory policy delineating what customers will be disallowed entry into this public establishment located at 777 Casino Dr, Pittsburgh, PA 15212." Id.

From these factual averments, it is not clear to the Court or anyone reading the Complaint what is being alleged. Moreover, there certainly are no facts alleged that would suggest a violation of either 42 U.S.C. § 1983 or Title II of the Civil Rights Act. In sum, there is no basis for exercising federal question jurisdiction based on the limited, vague facts alleged.

The case, therefore, must be dismissed. Given the Court of Appeals for the Third Circuit's recognition, however, that a plaintiff should be afforded notice and an opportunity to respond before a case is dismissed with prejudice for lack of subject matter jurisdiction or failure to comply with Rule 8, the Court will allow Plaintiff to file an amended complaint. See Bey v. U.S. Dep't of State, Nat. Passport Ctr., 416 F. App'x 136 (3d Cir. 2011) (dismissal of plaintiff's complaint for failure to comply with Rule 8 was not abuse of discretion after plaintiff was given opportunity to amend).

Should Plaintiff wish to file an amended complaint, he must do so by **March 28, 2022**. If Plaintiff does not timely file an amended complaint, identifying a valid jurisdictional basis for proceeding and complying with Rule 8, the Court will convert the dismissal to one with

prejudice. Finally, Plaintiff must make last, best efforts in these regards, because further opportunity for amendment will not be afforded.

    IT IS SO ORDERED.


February 28, 2022                                        <u>s/Cathy Bissoon</u>
                                                                         Cathy Bissoon
                                                                         United States District Judge

cc (via First-Class U.S. Mail):

Alexander Argentina
114 Fremont St.
Pittsburgh, PA 15210